Brent T. Robinson, Esq.
ROBINSON, ANTHON & TRIBE
Attorneys at Law
615 H Street
P. O. Box 396
Rupert, Idaho   83350-0396
Telephone No. (208) 436-4717
Facsimile No.  (208) 436-6804
Email Address:  btr@idlawfirm.com
Idaho State Bar No.

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re: | ) | Case No.  10-40749 |
|---|---|---|
|  | ) | (Chapter 12) |
| DEVAN R. HUBERT and | ) |  |
| KRISTINE C. HUBERT, | ) |  |
|  | ) |  |
| Debtors. | ) |  |

MOTION FOR EMERGENCY AND CONTINUING USE OF CASH COLLATERAL

COME NOW the debtors in the above-entitled matter and, pursuant to 11 USC §363, move the Court on an emergency basis for an order authorizing debtors in possession to use cash collateral.  This motion is made and based upon the following facts:

1.  Debtors filed a petition under Chapter 12 of the United States Bankruptcy Code on April 30, 2010, and continue in possession of their property and the operation of their business as debtors in possession.

2.  To the best of debtors' knowledge, information and belief, the secured creditors claiming a lien against real estate, equipment, livestock and milk proceeds are Farmers National Bank and Agri Financial Services, Inc. (People's State Bank).  As of the date of the

petition, i.e. April 30, 2010, the amount owed to said creditors is the approximate sum of $1,207472.46, and it is the cash collateral of said creditors that is sought to be used by the debtors.

3. In the course of debtors' operation, debtors have collected or will collect those sums reflected on the attached budget attached hereto as Exhibit "A" and incorporated herein by reference.

4. The proceeds from the sale of milk and livestock will be used to pay operating expenses.

5. In accordance with the requirements of 11 USC §363(c)(4), such proceeds will be segregated into a separate bank account.

6. Debtors do not have sufficient income to continue their operation without the use of cash collateral, and seek authorization to use cash collateral on an interim basis and on a continuing basis during 2010 to pay operating expenses.

7. By this motion, debtors request authorization to use cash collateral on an emergency basis, pending a final hearing on this motion, to pay the line item expenses set forth in the attached cash flow budget attached hereto as Exhibit "A."

8. In addition to the use of cash collateral on an emergency basis pending a final hearing on this motion, debtors also seek authorization to continue to use of cash collateral from and after the date of the final hearing through December 31, 2010.

9. The amount of cash collateral sought to be used during the emergency period for the month May, 2010, is the sum of $87,251 and to the extent necessary during the months of June through October 31, 2010, as provided on the 2010 line item budget which is attached hereto as Exhibit "A." The expenses to be paid during the month of May are set forth in the

budget attached hereto as Exhibit "A." That the period of use of cash collateral on an emergency basis shall be through May 31, 2010.

10. If the debtors are not permitted to use cash collateral to pay ongoing operating expenses, debtors will be unable to continue their operation, and will be unable to fund the Plan to be proposed hereafter. All of the expenses sought to be paid on an emergency basis are necessary in order for the debtors to continue their operation. If the debtors are not allowed to use cash collateral on an emergency and on a continuing basis the debtors will suffer irreparable harm, which will be detrimental not only to the debtors but also to all creditors and other parties in interest.

11. Debtors' projected income from the sale of milk and livestock in 2010 is included in the line-item budget that is attached hereto as Exhibit "A."

12. Debtors are willing to give adequate protection to Farmers National Bank and Agri Financial Services, Inc. (People's State Bank) by granting said creditors a post-petition lien in the same priority and to the extent said liens existed pre-petition.

13. If the Court determines the adequate protection proposed by the debtors is not sufficient, then debtors request a determination be made as to the amount to be paid as adequate protection.

14. As best as it can be determined by the debtors based upon current market values, the estimated fair market value of the real estate, livestock, accounts receivable and general intangibles in which Farmers National Bank and Agri Financial Services, Inc., (People's State Bank) have a lien is in excess of the amount of the indebtedness owed and the amount of cash collateral sought to be used.

15. In the event any creditors names appear on any checks received from the sale of milk and livestock, said parties should be required to endorse the same.

16. This motion is made in accordance with the guidelines set forth in the local bankruptcy rules pertaining to motions for use of cash collateral, and does not contain any provisions that would not normally be approved by the Court.

WHEREFORE, debtors in possession pray that an order be issued granting debtors in possession the right to use cash collateral on an emergency and a continuing basis, namely, proceeds from the sale of milk and livestock to pay the ongoing expenses set forth in the budget that is attached hereto and by reference made a part hereof, and that debtors be entitled to do so until further order of this Court. Debtors further request that all parties named on checks be required to endorse all checks received from the sale of milk and livestock, to the extent of the cash collateral authorized to be used by the debtors.

DATED this 5th day of May, 2010.

                ROBINSON ANTHON & TRIBE

                By: /s/ Brent T. Robinson
                    Brent T. Robinson
                    Attorney for Debtors